UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 25-cr-81-01-SM-AJ |
| | ) |
| MICHAEL DARCY, | ) Counts 1-5: Bank Fraud (18 U.S.C. § 1344) |
| | ) |
| Defendant. | ) |

INDICTMENT

**The Grand Jury charges:**

At all times material to this Indictment:

1. Company 1 was a business located in Hinsdale, New Hampshire.

2. Company 1 maintained a checking account ending -8539 at Brattleboro Savings & Loan.

3. Brattleboro Savings & Loan was a financial institution as defined by Title 18, U.S. Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

4. The defendant, MICHAEL DARCY, was the Operations Manager of Company 1.

5. As Operations Manager, DARCY oversaw Company 1's daily operations, including correspondence with clients and manufacturers, managing inventory, and maintaining accounting records.

6. DARCY was a resident of New Hampshire.

The Scheme

7. Beginning on or about December 26, 2019, and continuing through on or about December 10, 2024, in the District of New Hampshire, the defendant,

1

MICHAEL DARCY,

knowingly and willfully executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, Brattleboro Savings and Loan by means of false or fraudulent pretenses, representations, and promises.

<u>Manner and Means</u>

It was part of the scheme that:

8. Company 1 paid DARCY weekly by check. The owner of Company 1 approved and signed all payroll checks.

9. Between in or about December 26, 2019, through in or about December 10, 2024, DARCY drafted approximately 83 unauthorized checks off of Company 1's Brattleboro Savings and Loan account ending -8539. DARCY forged the signature of Company 1's owner on these checks.

10. DARCY sometimes concealed the purpose of these checks with false entries in the memo line. For example, DARCY wrote that several of the fraudulent checks were for stamps.

11. DARCY concealed the fraudulent checks by entering them under misleading headers in Company 1's accounting software.

12. DARCY deposited the fraudulent checks into his personal account at Service Credit Union via Automated Teller Machines (ATMs).

13. DARCY then used the fraudulently-obtained funds on personal expenses, including approximately $142,000 on pornography and other adult websites.

14. Through this scheme, DARCY fraudulently obtained approximately $344,874.47.

<u>COUNTS ONE THROUGH FIVE</u>
Bank Fraud
18 U.S.C. § 1344

15.     On or about the dates charted below, in the District of New Hampshire, the defendant,

MICHAEL DARCY,

executed and attempted to execute the scheme by presenting checks with a forged signature to obtain moneys under the custody or control of Brattleboro Savings and Loan:

| Count | Date | Amount | Check Memo Line |
|---|---|---|---|
| 1 | 10/13/2022 | $2,684.00 | Stamps |
| 2 | 12/07/2023 | $5,722.00 | Stamps |
| 3 | 03/19/2024 | $3,753.16 | Stamps |
| 4 | 08/13/2024 | $5,184.38 | 24206-00 |
| 5 | 11/19/2024 | $8,240.34 | ---- |

All in violation of Title 18, United States Code, Section 1344.

<u>NOTICE OF FORFEITURE</u>

Upon conviction of one or more of the offenses set forth in Counts One through Five of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including a sum of money equal to the proceeds of the charged offenses.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

4

All in accordance with 18 U.S.C. 982(a)(2) and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

Dated: October 8, 2025

/s/ Foreperson
FOREPERSON

ERIN CREEGAN
United States Attorney

/s/ Alexander S. Chen
Alexander S. Chen
Assistant United States Attorney

4